[Civil No. 3496.   Filed November 7, 1934.]

[37 Pac. (2d) 370.]

OCEAN ACCIDENT & GUARANTEE CORPORA-
TION, LIMITED, Defendant Insurance Carrier,
Petitioner, v. CHARLES D. KENNISON, Com-
pensation Applicant, and THE INDUSTRIAL
COMMISSION OF ARIZONA, Respondents.

Mr. C. H. Young, for Petitioner.

Mr. Austin O'Brien, for Respondent Kennison.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for
Respondent Commission.

ROSS, C. J.—This is the second time we have had
this case under consideration.   Under the facts

shown the first time it was here we held the respondent Kennison was not an employee of the General Motors Acceptance Corporation, but an independent contractor with said corporation, and set aside and vacated the Industrial Commission's award of compensation to him. 42 Ariz. 349, 26 Pac. (2d) 113.

The present appeal is prosecuted by the insurance carrier, Ocean Accident & Guarantee Corporation, Limited, from an award of compensation granted by the Industrial Commission upon a retrial or rehearing of the case after the first award was vacated by this court. This award as first entered did not run against the employer, General Motors Acceptance Corporation, but thereafter, upon application of the respondent, it was corrected so as to run against both the employer and the insurance carrier.

The finding of the Industrial Commission at both hearings was that the respondent was an employee of the General Motors Acceptance Corporation. In the court's opinion and decision, found in 26 Pac. (2d) 113, the conclusion from the evidence adduced at the first hearing was that the respondent was an independent contractor and not entitled to compensation. If upon the second hearing the evidence on that issue is the same, an award of compensation cannot be sustained, because the court's decision upon those facts is *res judicata* and final.

In this proceeding it is contended by the respondent that the evidence shows his relation to his employer was that of an employee, and the insurer contends that the evidence is not different from that on the first hearing, and that therefore the Industrial Commission was without power or jurisdiction to grant any award to the respondent.

In the last hearing before the commission, the evidence, in addition to that adduced at the first hearing,

shows that the policy of insurance issued by the insurer to the respondent's employer specifically covered persons employed by the employer to repossess automobiles, and that the employer paid for such insurance. In the second hearing the evidence also shows that both the employer and the insurer treated the respondent as an employee, the former in reporting the accident to the Industrial Commission and in paying certain expenses and doctors' bills, and the latter in reimbursing the employer for medical attention received by the respondent. In the former hearing, the case, in part at least, turned upon the method of paying respondent for his services. It appeared from his own testimony and the testimony of other witnesses that he was to receive the flat sum of $75 to return the automobile to Phoenix. The evidence at the last hearing was to the effect that such sum was only an advance upon his wages and expenses, to be readjusted upon his return so as to allow him a daily wage of $4, or approximately that sum; also that in this trip, as in others made by respondent to repossess automobiles for his employer, he was subject to the orders and directions of such employer. This evidence presents a very different case than the first one. The weight and credibility of the evidence was for the Industrial Commission, and, if believed, tended very strongly to show the relation of employer and employee.

For the reasons appearing, the award is affirmed.

LOCKWOOD and McALISTER, JJ., concur.